UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDY PEDERSEN,<br><br>                Plaintiff,<br><br>    v.<br><br>CHASE RIVELAND,<br><br>                Defendant. | Case No.  C05-5344RBL<br><br>REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S I.F.P. APPLICATION<br><br>Noted for June 24, 2005 |

The court has reviewed petitioner's application for leave to proceed *in forma pauperis* (Doc. 1). The court finds and recommends:

(1). Plaintiff is in state custody at the Special Commitment Center and in his application, plaintiff indicates that he has a bi-weekly income of $214.80

(2). The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when the plaintiff is able to pay the initial expenses required to commence a lawsuit. *See* Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D.

Report and Recommendation
Page - 1

1  639 (M.D.Pa. 1974).

2  (3) Based on the above, the Court should deny plaintiff's application to proceed *in forma pauperis*,. Plaintiff has not shown that he is unable to pay the full filing fee ($250.00) to proceed with his lawsuit.

4  (4) Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 24, 2005**, as noted in the caption.

DATED this 1st day of June, 2005.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

Report and Recommendation
Page - 2