UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDY PEDERSEN,

           Plaintiff,

    v.

CHASE RIVELAND,

           Defendant.

Case No. C05-5344RBL

REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S I.F.P. APPLICATION

Noted for June 24, 2005

    The court has reviewed petitioner's application for leave to proceed *in forma pauperis* (Doc. 1). The court finds and recommends:

    (1). Plaintiff is in state custody at the Special Commitment Center and in his application, plaintiff indicates that he has a bi-weekly income of $214.80

    (2). The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when the plaintiff is able to pay the initial expenses required to commence a lawsuit. *See* Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D.

Report and Recommendation
Page - 1

1  639 (M.D.Pa. 1974).

2  (3)  Based on the above, the Court should deny plaintiff's application to proceed *in forma pauperis*,.
3  Plaintiff has not shown that he is unable to pay the full filing fee ($250.00) to proceed with his lawsuit.

4  (4)  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the
5  parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P.
6  6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v.
7  Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to
8  set the matter for consideration on **June 24, 2005**, as noted in the caption.

9  DATED this 1st day of June, 2005.

              */s/ J. Kelley Arnold*
              J. Kelley Arnold
              United States Magistrate Judge